United States Courts Southern
District of Texas
FILED

*December 17, 2021*

Nathan Ochsner, Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| **MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED,** |  |
| **Applicant,** | |
| **v.** | **Civil Action No. 4:22-cv-4256** |
| **JOHN MICHAEL PALOMBO,** | |
| **Respondent.** | |

## APPLICATION FOR CONFIRMATION OF ARBITRATION AWARD

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. ("FAA"), Applicant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill"), by and through its attorneys, Bressler, Amery & Ross, P.C., submits this Application seeking confirmation of the arbitration award (the "Award"), issued on or about December 16, 2021, in connection with FINRA Case No. 20-01175, *John Michael Palombo v. Merrill Lynch, Pierce, Fenner & Smith Incorporated* (the "Arbitration"). The Arbitration proceeding was conducted in Houston, Texas pursuant to the Rules of the Financial Industry Regulatory Authority, Inc. ("FINRA").

In support of this Application, Merrill respectfully states as follows:

### PARTIES

1.       Merrill is a corporation organized under the laws of Delaware and headquartered in New York, New York. Merrill is a registered broker-dealer and a member of FINRA. Merrill is licensed to do business in the state of Texas.

2.       Respondent John Michael Palombo ("Palombo") is an individual residing in Travis

County, Texas, and a former employee of Merrill. Upon information and belief, Palombo is not now and was not at the time of filing the underlying Arbitration a citizen of Delaware or New York.

## JURISDICTION and VENUE

3.     This Court has jurisdiction of this matter based upon diversity of citizenship, *see* 28 U.S.C. § 1332, because: (i) the amount in controversy in the Arbitration exceeds $75,000; and (ii) the Parties are citizens of different states.

4.     The amount in controversy, exclusive of interest and costs, exceeds $75,000, because the Award Merrill seeks to confirm awarded damages to Merrill substantially in excess of that amount. Moreover, the amount in controversy exceeds $75,000 because the underlying Arbitration involved claims for damages substantially in excess of that amount. *See Pershing LLC v. Kiebach*, 819 F. 3d 179, 182-83 (5th Cir. 2016) (damages demanded in underlying arbitration satisfy amount in controversy for diversity jurisdiction).

5.     This Court also has federal question jurisdiction of this matter under the FAA because Palombo asserted violations of federal discrimination laws in the underlying Arbitration, which provide the independent basis for jurisdiction under the FAA. *See* 28 U.S.C. § 1331; *Quezada v. Bechtel OG & C Constr. Servs.*, 946 F.3d 837, 843 (5th Cir. 2020) (applying the "look through" approach to actions confirming arbitration awards for purposes of federal question jurisdiction).

6.     The FAA provides for confirmation of arbitration awards in "the United States court in and for the district within which such award was made." *See* FAA, 9 U.S.C. § 9.

7.     Accordingly, venue of this matter is appropriate in this District and Division because the arbitration award that Merrill seeks to confirm resulted from a FINRA arbitration

proceeding conducted in Houston, Texas. *See id.*; 28 U.S.C. § 1391.

## ARBITRATION BACKGROUND

8. On or about April 9, 2020, Palombo initiated the Arbitration by filing a Statement of Claim against Merrill.

9. On or about July 22, 2020, Merrill filed an Answer to the Statement of Claim. In their Answer, Merrill denied all of Palombo's claims and allegations.

10. On August 11, 2020, Palombo filed a Response to Merrill's Answer to the Statement of Claim.

11. On March 12, 2021, Merrill's Statement of Counterclaims was incorporated into the Arbitration record pursuant to an order by the Chairperson of the Panel.

12. When Palombo filed the Statement of Claim with FINRA initiating the Arbitration, he provided FINRA with a Submission Agreement in which he confirmed his agreement to the following:

> 1. The undersigned parties ("parties") hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related cross claims, counterclaims and/or third-party claims which may be asserted, to arbitration in accordance with the FINRA By-Laws, Rules, and Code of Arbitration Procedure.

> 2. The parties hereby state that they or their representative(s) have read the procedures and rules of FINRA relating to arbitration, and the parties agree to be bound by these procedures and rules.

> [ . . . ]

> 4. The parties agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement. The parties further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

5.  The parties hereto have signed and acknowledged the foregoing Submission Agreement.

A true and correct copy of the Submission Agreement submitted by Palombo is attached as **Exhibit**

**A** to the Declaration of John P. Kincade filed in support of this Application ("Kincade Declaration").

13.     Merrill submitted a FINRA Submission Agreement containing the same terms on July 22, 2020. A true and correct copy of the Submission Agreement submitted by Merrill is attached as **Exhibit B** to the Kincade Declaration.

14.     FINRA designated a panel of three arbitrators (the "Panel") to hear and decide the Arbitration. Notice of the designation of the Panel was given to the parties, who accepted the Panel as constituted by FINRA.

15.     The final arbitration hearing on the merits in FINRA Case No. 20-01175 was held from November 30 to December 2, 2021 in Houston, Texas. *See* Kincade Declaration, ¶ 6.

16.     On or about December 16, 2021, after considering the pleadings, testimony, and the evidence presented at the hearing, the Panel rendered the Award in full and final resolution of the claims submitted for determination. A true and correct copy of the Award is attached as **Exhibit C** to the Kincade Declaration.

17.     On or about December 16, 2021, FINRA delivered a copy of the Award to each of the parties. *See* Kincade Declaration at **Exhibit D**.

18.     The Award states the following:

After considering the pleadings, the testimony and evidence presented at the hearing, and any post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

4

1. Claimant's claims for discrimination, retaliation and hostile work environment, fraud in the inducement, and breach of contract are denied in their entirety.

2. Claimant is liable for and shall pay to Respondent the sum of $595,370.39 in non-salary compensation under the CTP Agreement, plus $32,541.48 in interest.

3. Claimant is liable for and shall pay to Respondent the sum of $696,000.00 in lost profits from breach of the CTP Agreement non-compete provision.

4. Claimant is liable for and shall pay to Respondent the sum of $115,383.51 in attorneys' fees pursuant to Texas Civil Practice and Remedies Code § 38.001.

5. Any and all claims for relief not specifically addressed herein, including any requests for punitive damages and treble damages are denied.

*See* Kincade Declaration at **Exhibit C**.

19.     To date, Palombo has not challenged the Award.[1]

## **THE ARBITRATION AWARD IS DUE TO BE CONFIRMED**

20.     Merrill requests that this Court confirm the Panel's Award in FINRA Case No. 20-01175. Pursuant to the FAA, 9 U.S.C. § 9:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, . . . then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

21.     The Award is due to be confirmed by this Court because there are no valid grounds for vacating, modifying, or correcting the Award.

22.     Further, as reflected in the Submission Agreement executed by Palombo, attached

---

[1] On October 7, 2021, Palombo prematurely filed an Original Application for Order Vacating Arbitration Award ("Vacatur Application") in the 200th Judicial District Court of Travis County, Texas. The Vacatur Application was premature because it was filed prior to the final hearing in the underlying Arbitration, and Merrill filed a plea to the jurisdiction. Palombo took no action on his Vacatur Application. Now that the Panel has issued an Award in the underlying Arbitration, the Vacatur Application is moot.

as **Exhibit A** to the Kincade Declaration, Palombo agreed to confirmation of the Award in a court of competent jurisdiction. "The parties further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment." *Id.*

23.     The Award is due to be confirmed.

**WHEREFORE**, Merrill respectfully requests:

(1)     That the Application for Confirmation of Arbitration Award be GRANTED;

(2)     That, pursuant to the FAA, the Court confirm the Award in FINRA Case No. 20-01175; and

(3)     That Merrill be awarded such other and further relief as the Court determines is just and proper.

Dated:  December 17, 2021

Respectfully submitted,

*/s/ John P. Kincade*
John P. Kincade, Esq.
Texas Bar No. 11429600
**BRESSLER, AMERY & ROSS, P.C.**
16475 Dallas Parkway, Suite 555
Dallas, TX 75001
Phone: 972.733.2900
3700 Buffalo Speedway, Suite 1020
Houston, TX 77098
jkincade@bressler.com

Rima F. Hartman, Esq.
**BRESSLER, AMERY & ROSS, P.C.**
2001 Park Place, Suite 1500
Birmingham, AL 35203

*Attorneys for Applicant Merrill Lynch, Pierce, Fenner & Smith Incorporated*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon counsel for

John Michael Palombo via CM/ECF filing and electronic mail, this 17th day of December, 2021.

Michelle Atlas, Esq.
AdvisorLaw, LLC
9737 Wadsworth Parkway, Suite 205
Westminster, CO 80021
Phone:  (720) 523-1201
Legal.michelle@advisorlawyer.com
*Attorneys for John Michael Palombo*

*/s/ John P. Kincade*
John P. Kincade

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

---

**MERRILL LYNCH, PIERCE, FENNER &
SMITH INCORPORATED,**

      **Applicant,**

**v.**

**JOHN MICHAEL PALOMBO,**

      **Respondent.**

**Civil Action No. 4:21-cv-4118**

---

**<u>DECLARATION OF JOHN P. KINCADE IN SUPPORT OF
APPLICATION FOR CONFIRMATION OF ARBITRATION AWARD</u>**

JOHN P. KINCADE, of full age, declares pursuant to 9 U.S.C. § 9 as follows:

      1.      I am a principal of the firm Bressler, Amery & Ross, P.C., attorneys for Applicant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill").  I am fully familiar with the facts and circumstances of this matter. I make this Declaration in connection with the Application for Confirmation of Arbitration Award in connection with the arbitration award (the "Award") issued by the Financial Industry Regulatory Authority, Inc. ("FINRA") arbitration panel in FINRA Case No. 20-01175, *John Michael Palombo v. Merrill Lynch, Pierce, Fenner & Smith Incorporated* (the "Arbitration") pursuant to the Federal Arbitration Act.

      2.      Attached hereto as **<u>Exhibit A</u>** is a true and correct copy of the Submission Agreement submitted by John Michael Palombo in connection with the Arbitration.

      3.      Attached hereto as **<u>Exhibit B</u>** is a true and correct copy of the Submission Agreement submitted by Merrill in connection with the Arbitration.

4.      Attached hereto as **Exhibit C** is a true and correct copy of the Award issued by the FINRA Arbitration Panel in the arbitration styled *John Michael Palombo v. Merrill Lynch, Pierce, Fenner & Smith Incorporated* in FINRA Case No. 20-01175, dated December 16, 2021.

5.      Attached hereto as **Exhibit D** is a true and correct copy of the letter from FINRA delivering a copy of the Award to each of the parties to the Arbitration.

6.      The final arbitration hearing on the merits in FINRA Case No. 20-01175 was held from November 30 to December 2, 2021 in Houston, Texas.

_____
JOHN P. KINCADE

Dated: December 17, 2021

**FINRA ARBITRATION** Submission Agreement

Claimant(s)

John Michael Palombo

**In the Matter of the Arbitration Between**

Name(s) of Claimant(s)

John Michael Palombo

and

Name(s) of Respondent(s)

Merrill Lynch, Pierce, Fenner & Smith Incorporated

1. The undersigned parties ("parties") hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related cross claims, counterclaims and/or third-party claims which may be asserted, to arbitration in accordance with the FINRA By-Laws, Rules, and Code of Arbitration Procedure.

2. The parties hereby state that they or their representative(s) have read the procedures and rules of FINRA relating to arbitration, and the parties agree to be bound by these procedures and rules.

3. The parties agree that in the event a hearing is necessary, such hearing shall be held at a time and place as may be designated by the Director of Arbitration or the arbitrator(s). The parties further agree and understand that the arbitration will be conducted in accordance with the FINRA Code of Arbitration Procedure.

4. The parties agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement. The parties further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

5. The parties hereto have signed and acknowledged the foregoing Submission Agreement.

John Michael Palombo

Claimant Name (please print)

_as attorney_                                                                April 9, 2020

Claimant's Signature                                                           Date

State capacity if other than individual (*e.g.,* executor, trustee or corporate officer)

Claimant Name (please print)

Claimant's Signature                                                           Date

State capacity if other than individual (*e.g.,* executor, trustee or corporate officer)

**FINRA ARBITRATION Submission Agreement**

In the Matter of the Arbitration Between

<u>Name(s) of Claimant(s)</u>

John Michael Palombo

<u>Name(s) of Respondent(s)</u>                                          20-01175

Merrill Lynch Pierce Fenner & Smith Inc.

1.  The undersigned parties ("parties") hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related cross claims, counterclaims and/or third-party claims which may be asserted, to arbitration in accordance with the FINRA By-Laws, Rules, and Code of Arbitration Procedure.

2.  The parties hereby state that they or their representative(s) have read the procedures and rules of FINRA relating to arbitration, and the parties agree to be bound by these procedures and rules.

3.  The parties agree that in the event a hearing is necessary, such hearing shall be held at a time and place as may be designated by the Director of FINRA Office of Dispute Resolution or the arbitrator(s).  The parties further agree and understand that the arbitration will be conducted in accordance with the FINRA Code of Arbitration Procedure.

4.  The parties agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement.  The parties further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

5.  The parties hereto have signed and acknowledged the foregoing Submission Agreement.

_Rima Hartman (PJM)_          _Counsel_          _7/22/2020_

Merrill Lynch Pierce Fenner & Smith Inc.                              Date
State Capacity if other than individual (e.g., executor, trustee, corporate officer)


LC43A: SUBMISSION AGREEMENT
idr: 06/13/2016

RECIPIENTS:
Rima F. Hartman, Esq., Merrill Lynch Pierce Fenner & Smith Inc.
Bressler, Amery & Ross, P.C., 2001 Park Place North, Suite 1500, Birmingham, AL 35203

**Award**
**FINRA Dispute Resolution Services**

---

In the Matter of the Arbitration Between:

<u>Claimant</u>                                    <u>Case Number</u>: 20-01175
John Michael Palombo

    vs.

<u>Respondent</u>                                  <u>Hearing Site</u>: Houston, Texas
Merrill Lynch, Pierce, Fenner & Smith Inc.

---

Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.

Nature of the Dispute: Associated Person vs. Member

This matter was decided by an all-public panel pursuant to Rule 13802 of the Code of Arbitration Procedure ("Code").

The evidentiary hearing was conducted partially by videoconference.

## REPRESENTATION OF PARTIES

For Claimant John Michael Palombo ("Claimant"): Michelle Atlas-Quinn, Esq. and Benjamin Winograd, Esq., AdvisorLaw LLC, Westminster, Colorado.

For Respondent Merrill Lynch Pierce Fenner & Smith Inc. ("Respondent"): Rima F. Hartman, Esq. and Carole G. Miller, Esq., Bressler, Amery & Ross, P.C., Birmingham, Alabama.

## CASE INFORMATION

Statement of Claim filed on or about: April 10, 2020.
Response to Statement of Answer filed on or about: August 11, 2020.
Claimant signed the Submission Agreement: April 9, 2020.

Statement of Answer filed on or about: July 22, 2020.
Counterclaim filed on or about: February 12, 2021.
Respondent signed the Submission Agreement: July 22, 2020.

## CASE SUMMARY

In the Statement of Claim, Claimant asserted the following causes of action: discrimination, retaliation and hostile work environment, fraud in the inducement, and breach of contract.  The causes of action related to Claimant's allegation that under federal and Texas law, he is a

qualified person with a disability and is part of a protected class as an individual over age 40 and he was discriminated against.  Claimant also asserted that Respondent materially misrepresented information to him about its Client Transition Program ("CTP") and then breached the CTP agreement entered into between Claimant and Respondent ("CTP Agreement").

Unless specifically admitted in the Statement of Answer, Respondent denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

In the Response to Statement of Answer, Claimant disputed statements in the Statement of Answer and asserted that Claimant's claims are actionable and that Respondent's asserted defenses and counterarguments are irrelevant to the issues at hand.

In the Counterclaim, Respondent asserted the following causes of action: breach of contract, breach of duty of loyalty, unjust enrichment, breach of the covenant of good faith and fair dealing, conversion, violation of the Defend Trade Secrets Act (18 U.S.C. § 1836 et. seq.), unfair competition, tortious interference with prospective business relations, violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030), and violation of the Texas Uniform Trade Secrets Act. The causes of action related to the circumstances surrounding Claimant's departure from his employment with Respondent and allegations that Claimant violated his contractual agreements with Respondent before and after resigning from his employment with Respondent.

## RELIEF REQUESTED

In the Statement of Claim, Claimant requested an award of compensatory damages in the amount of $2,000,000.00, punitive damages in the amount of $5,000,000.00, attorneys' fees and costs, and that the CTP Agreement be voided and nullified.

In the Statement of Answer, Respondent requested that Claimant's claim be denied and that he recover nothing from this proceeding.

In the Response to Statement of Answer, Claimant requested that his requests in the Statement of Claim be granted.

In the Counterclaim, Respondent requested the following relief:

1. An award of $595,370.39 pursuant to the CTP Agreement, plus interest;
2. Attorneys' fees, expenses, and costs associated with Respondent's enforcement of the CTP Agreement, including but not limited to those incurred in connection with the Counterclaim;
3. That Claimant be permanently enjoined from continuing to violate his contractual and legal obligations, by competing and/or using confidential information or trade secrets of Merrill, and required to return to Respondent any such information in his possession, custody, or control;
4. That Claimant be disgorged of any profits, commissions, or other monies earned by him as a result of his unlawful actions, as alleged;
5. Compensation for any monetary losses caused by Claimant's misconduct; and
6. Additional relief the Panel deems just and appropriate.

At the close of the hearing, Respondent requested $2,377,558.87, consisting of non-salary CTP payments Claimant received in the amount of $595,370.39, interest due from November 30, 2020-January 3, 2022 in the amount of $32,541.48, lost profits in the amount of $1,400,000.00, plus attorneys' fees and costs in the amount of $349,647.00.

## OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrators acknowledge that they have each read the pleadings and other materials filed by the parties.

The Panel determined that the court reporter's transcript would serve as the official record of the proceeding pursuant to Rule 13606(b)(1) of the Code.

On September 25, 2020, Respondent filed a Partial Motion to Dismiss pursuant to Rule 13504 of the Code ("Motion to Dismiss"). On October 21, 2020, Claimant filed a Response to the Motion to Dismiss. On November 6, 2021, Respondent filed a Reply Brief in Support of the Motion to Dismiss.  On December 15, 2020, the Panel heard oral arguments on the Motion to Dismiss. In an Order dated December 16, 2020, the Panel granted the Motion to Dismiss in part on the following grounds:

> [T]he [CTP] agreement executed by Claimant on December 1, 2018, constituted, *inter alia*, a valid release of any and all legal claims or causes of action against [Respondent] arising from actions on or before that date.  As to Claimant's arguments that the CTP is unenforceable due to mutual mistake and/or fraudulent inducement, the Panel finds that Claimant knowingly operated from that date under the CTP and accepted payments in accordance with its terms and conditions. Accordingly, Claimant's actions constituted ratification of the CTP agreement and its provisions.  To the extent that Claimant asserts breach of contract in that he has not been fully reimbursed under the terms of the CTP or has any claims for discrimination or retaliation and/or hostile work environment arising after December 1, 2018, those allegations may proceed.  Respondent's Motion to Dismiss is granted in all other respects.

On February 12, 2021, Respondent filed a Motion for Leave to Amend Answer Through the Submission of a Statement of Counterclaim ("Motion for Leave").  On February 19, 2021, Claimant filed an Opposition to Respondent's Motion for Leave.  On February 23, 2021, Respondent filed a Reply in Support of its Motion for Leave.  On March 10, 2021 Claimant filed a Notice of Withdrawal of the Opposition to the Motion for Leave.  In an Order dated March 12, 2021, the Panel granted the Motion for Leave.

On April 9, 2021, Respondent filed a Motion to Bar Claimant from Presenting Defenses or Facts to Respondent's Counterclaim ("Motion to Bar").  On April 26, 2021, Claimant filed an Opposition to the Motion to Bar.  On May 10, 2021, Respondent filed a Reply in Support of Motion to Bar.  In an Order dated May 12, 2021, the Panel denied the Motion to Bar.

On August 25, 2021, Claimant filed a Motion for Reconsideration of the Order on Respondent's Motion to Dismiss ("Motion for Reconsideration").  On September 2, 2021, Respondent filed an Opposition to the Motion for Reconsideration.  On September 7, 2021, Claimant filed a Reply in Support of the Motion for Reconsideration.  On September 8, 2021, Respondent filed a Sur-

FINRA Dispute Resolution Services
Arbitration No.  20-01175
Award Page 4 of 7

Reply in Further Opposition to the Motion for Reconsideration.  In an Order dated September 11, 2021, the Panel denied the Motion for Reconsideration.

Respondent moved to dismiss allegations of discrimination following the conclusion of Claimant's case.  Respondent also moved to dismiss Claimant's claims of breach related to the CTP agreement.  Respondent argued that Claimant failed to prove any elements of these claims.  In addition, Respondent moved for a directed verdict on its Counterclaim for damages. To the extent that Claimant's discrimination claims were before the Panel, the Motion to Dismiss was granted on the record at the hearing.  In all other respects, Respondent's motion was denied.

The Award in this matter may be executed in counterpart copies.

## AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, and any post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Claimant's claims for discrimination, retaliation and hostile work environment, fraud in the inducement, and breach of contract are denied in their entirety.

2. Claimant is liable for and shall pay to Respondent the sum of $595,370.39 in non-salary compensation under the CTP Agreement, plus $32,541.48 in interest.

3. Claimant is liable for and shall pay to Respondent the sum of $696,000.00 in lost profits from breach of the CTP Agreement non-compete provision.

4. Claimant is liable for and shall pay to Respondent the sum of $115,383.51 in attorneys' fees pursuant to Texas Civil Practice and Remedies Code § 38.001.

5. Any and all claims for relief not specifically addressed herein, including any requests for punitive damages and treble damages are denied.

## FEES

Pursuant to the Code, the following fees are assessed:

**Filing Fees**
FINRA Dispute Resolution Services assessed a filing fee* for each claim:

| | | |
|---|---|---|
| Initial Claim Filing Fee | =$ | 2,250.00 |
| Counterclaim Filing Fee | =$ | 2,550.00 |

*The filing fee is made up of a non-refundable and a refundable portion.*

## Member Fees

Member fees are assessed to each member firm that is a party in these proceedings or to the member firm(s) that employed the associated person(s) at the time of the event(s) giving rise to the dispute. Accordingly, as a party, Respondent is assessed the following:

| | | |
|---|---|---|
| Member Surcharge | =$ | 3,600.00 |
| Member Process Fee | =$ | 6,800.00 |

## Late Pre-hearing Cancellation Fees

Fees apply when a pre-hearing conference is cancelled within three business days of the scheduled conference:

| | | |
|---|---|---|
| March 15, 2021, cancellation requested by Claimant | =$ | 300.00 |
| Total Late Pre-Hearing Cancellation Fees | =$ | 300.00 |

The Panel has assessed $150.00 of the late pre-hearing cancellation fees to Claimant.

The Panel has assessed $150.00 of the late pre-hearing cancellation fees to Respondent.

## Postponement Fees

Postponements granted during these proceedings for which fees were assessed or waived:

| | |
|---|---|
| October 4-8, 2021, postponement requested by Claimant | Waived |

## Discovery-Related Motion Fees

Fees apply for each decision rendered on a discovery-related motion.

| | | |
|---|---|---|
| One (1) decision on a discovery-related motion on the papers with three (3) Arbitrators @ $600.00/decision | =$ | 600.00 |
| Non-Party submitted one (1) discovery-related motion | | |
| Total Discovery-Related Motion Fees | =$ | 600.00 |

The Panel has assessed the total discovery-related motion fees to Claimant.

## Hearing Session Fees and Assessments

The Panel has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the Arbitrator(s), including a pre-hearing conference with the Arbitrator(s), which lasts four (4) hours or less. Fees associated with these proceedings are:

| | | | |
|---|---|---|---|
| Two (2) pre-hearing sessions with the Panel @ $1,500.00/session | | =$ | 3,000.00 |
| Pre-hearing Conferences:  August 25, 2020 | 1 session | | |
| December 15, 2020 | 1 session | | |
| Five (5) hearing sessions @ $1,500.00/session | | =$ | 7,500.00 |
| Hearing Dates: November 30, 2021 | 2 sessions | | |
| December 1, 2021 | 2 sessions | | |

December 2, 2021          1 session

---

Total Hearing Session Fees                                    =$    10,500.00

The Panel has assessed $5,250.00 of the hearing session fees to Claimant.

The Panel has assessed $5,250.00 of the hearing session fees to Respondent.

All balances are payable to FINRA Dispute Resolution Services and are due upon receipt.

## ARBITRATION PANEL

| Daniel J. Pagnano | - | Public Arbitrator, Presiding Chairperson |
| G. Maynard Green | - | Public Arbitrator |
| Brian James Tagtmeier | - | Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument which is my award.

## Concurring Arbitrators' Signatures

*Daniel J. Pagnano*
_____              12/16/2021
Daniel J. Pagnano                                         _____
Public Arbitrator, Presiding Chairperson        Signature Date

*G. Maynard Green*
_____              12/15/2021
G. Maynard Green                                       _____
Public Arbitrator                                           Signature Date

*Brian James Tagtmeier*
_____              12/16/2021
Brian James Tagtmeier                                 _____
Public Arbitrator                                           Signature Date

Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.

December 16, 2021
_____
Date of Service (For FINRA Dispute Resolution Services use only)



**TO:**          Michelle Atlas
                    Rima F. Hartman, Esq.

**CC:**           G. Green
                    Daniel Pagnano
                    Brian Tagtmeier

**From:**       Felicia M. Fox
                    Senior Case Administrator

**Subject:**    FINRA Dispute Resolution Services Arbitration Number 20-01175
                    John Michael Palombo vs. Merrill Lynch Pierce Fenner & Smith Inc.

**Date:**       December 16, 2021

Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award. Attached please find the decision reached by the arbitrator(s) in the above-referenced matter. Accordingly, we have closed this case and removed it from our arbitration docket

<u>Responsibility to Pay Monetary Award</u>

FINRA rules provide that all monetary awards shall be paid within 30 days of receipt unless a motion to vacate has been filed with a court of competent jurisdiction. An award shall bear interest from the date of the award:

- If not paid within 30 days of receipt;
- If the award is the subject of a motion to vacate which is denied; or
- As specified by the panel in the award.

Interest shall be assessed at the legal rate, if any, then prevailing in the state where the award was rendered, or at a rate set by the arbitrator(s).

<u>Expedited Suspension Proceedings for Non-Payment of Awards</u>

Article VI, Section 3 of the FINRA By-Laws and FINRA Rule 9554 permit FINRA to suspend or cancel the registration of any firm or associated person that fails to comply with a FINRA arbitration award.

Firms are required to notify FINRA in writing within 30 days of receipt of an award that they or their associated persons have paid or otherwise complied with the award, or to identify a valid basis for non-payment. We also request that prevailing claimants notify us in writing when their awards have not been paid within 30 days of receipt of the award.

*Investor protection. Market integrity.*    FINRA Dispute Resolution Services    55 West Monroe Street    t 312 899 4440
                                          Midwest Regional Office            Suite 2600               www.finra.org
                                                          Chicago, IL
                                                           60603-5104

Written notification concerning award compliance or lack thereof should be directed to:

Fresna Jean Baptiste
FINRA Dispute Resolution Services
Brookfield Place, 200 Liberty Street, 11th Floor
New York, NY 10281
(212) 858-4383 (tel) | fresna.jean-baptiste@finra.org (email)

<u>Notice to FINRA Firms</u>

Please note that FINRA has also emailed copy of this letter and the attached decision directly to the Executive Representative of the brokerage firm whose name is indicated at the bottom of this letter.

<u>Right to File Motion to Vacate Award</u>

FINRA rules provide that, unless the applicable law directs otherwise, all awards rendered are final and are not subject to review or appeal. Accordingly, FINRA has no authority to vacate this award. Any party wishing to challenge the award must make a motion to vacate the award in a federal or state court of appropriate jurisdiction pursuant to the Federal Arbitration Act, 9 U.S.C. § 10, or applicable state statute. There are limited grounds for vacating an arbitration award, and a party must bring a motion to vacate within the time period specified by the applicable statute. If you are not represented by counsel and wish to challenge the award, we urge you to seek legal advice regarding any rights or remedies available to you.

<u>Forum Fees</u>

You will receive separately an invoice that reflects the fees assessed and any outstanding balance or refund due. Fees are due and payable to FINRA upon receipt of the invoice and should be sent to the address specified on the invoice. Any applicable refunds will also be sent under separate cover approximately 45 days after the case closes. All questions regarding payment of fees and refunds should be directed to FINRA Finance at (240) 386-5910.

<u>Expungement</u>

Brokers who obtain court confirmation of an award recommending expungement must forward a copy of the court order to CRDExpungementRequest@finra.org.

<u>Party Experience Survey</u>

FINRA encourages parties to complete a Party Experience Survey, which can be submitted through the DR Portal, at the conclusion of every case. We will utilize your comments in our ongoing efforts to evaluate and improve the services our forum provides. In the DR Portal, go to the "Drafts & Submissions" tab for the associated case, select "Party Experience Survey" as the Submission Type, and press the "Start" button to access the form. If you did not use the DR Portal to manage your case, you may send an email with your feedback regarding the case to your assigned Case Administrator.

<u>Party Submissions to Arbitrators After a Case Closes</u>

FINRA rules provide that parties may not submit documents to arbitrators in cases that have been closed except under the following limited circumstances: 1) as ordered by a court; 2) at the request of any party within 10 days of service of an award, for typographical or computational errors, or mistakes in the description of any person or property referred to in the award; or 3) if all parties agree and submit documents within 10 days of service of an award. Any documents, if submitted, must be sent through FINRA.

<u>Questions Concerning Award</u>

If you have any questions, please do not hesitate to contact me at 312-899-4424 or by email at Felicia.Fox@finra.org. Parties should not directly contact arbitrators under any circumstances.

FMF:fmf:LC09A
idr: 07/02/2021

RECIPIENTS:
Michelle Atlas, 9737 Wadsworth Parkway, Suite 205, Westminster, CO 80021
On Behalf Of: John Michael Palombo

Rima F. Hartman, Esq., Bressler, Amery & Ross, P.C., 2001 Park Place North, Suite 1500,
        Birmingham, AL 35203
On Behalf Of: Merrill Lynch Pierce Fenner & Smith Inc.

CC:
G. Green
Daniel Pagnano
Brian Tagtmeier

Executive Representative

FINRA Risk Monitoring Director

FINRA Risk Monitoring Analyst